**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THEODORE WILLIAMS,

    Petitioner,

-vs-                                            Case No. 8:08-CV-421-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**O R D E R**

Petitioner brings this second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions for burglary of a structure and grand theft entered in 2000 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (hereinafter "petition") (Dkt. 8). The Court has considered the petition, Respondent's response (Dkt. 13) which asserts, *inter alia*, that the petition is time-barred, and Petitioner's reply to the response/motion to dismiss (Dkt. 19). Upon review, the Court determines that the petition must be dismissed because it is time barred.

**PROCEDURAL BACKGROUND**

Following a jury trial, Petitioner was convicted of burglary of a structure and grand theft (Dkt. 15, Ex. 001 at pgs. 58-59). On February 8, 2000, Petitioner was sentenced to 15 years imprisonment on the burglary of a structure conviction, and 5 years imprisonment on

the grand theft conviction, with both sentences to run concurrently (Id. at pgs. 66-73).

Petitioner appealed his conviction. His appeal, however, was dismissed on April 19, 2001 (Id. at pg. 119).

On April 20, 2001, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("3.850 motion") (Dkt. 15, Ex. 003 at pgs. 23-30). On April 14, 2003, the state trial court denied Petitioner's 3.850 motion (Dkt. 15, Ex. 003 at pgs. 818-821). Petitioner appealed. The appellate court affirmed the trial court's order without opinion on August 13, 2004. *See Williams v. State*, 2004 Fla. App. LEXIS 11862 (Fla. 2d DCA 2004) [table]. The appellate court's mandate issued on September 10, 2004 (Dkt. 15, Ex. 003).

On October 11, 2004, Petitioner filed a Motion to Correct Illegal Sentence (Dkt. 15, Ex. 004). The trial court denied the motion on May 10, 2006 (Id.). Petitioner appealed. The appellate court affirmed the trial court's order on October 4, 2006 (Id.); *see Williams v. State*, 939 So. 2d 1073 (Fla. 2d DCA 2006)[table]. The appellate court's mandate issued on October 25, 2006.[1]

Petitioner filed a second 3.850 motion on December 21, 2005 (Dkt. 15, Ex. 005). However, the trial court dismissed the second 3.850 motion as untimely and successive (Id.). Petitioner appealed. The appellate court affirmed the trial court's order without opinion on March 30, 2007. *See Williams v. State*, 955 So. 2d 578 (Fla. 2d DCA 2007)[table]. The

---

[1]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed July 15, 2009, http://www.2dca.org/the_clerk's_office.htm, see Fed. R. Evid. 201, which reveals that the mandate in case number 2D06-3063 issued on October 25, 2006.

appellate court's mandate issued on May 22, 2007.[2]

Petitioner next filed a Petition for Writ of Habeas Corpus in the trial court on November 19, 2007 (Dkt. 15, Ex. 006). The trial court treated the Petition for Writ of Habeas Corpus as a 3.850 motion, and denied the motion as successive and untimely (Id.). Petitioner appealed. The appellate court affirmed the trial court's order without opinion on September 26, 2008. *See Williams v. State*, 991 So. 2d 870 (Fla. 2d DCA 2008)[table]. The appellate court's mandate issued on October 20, 2008.[3]

Petitioner filed his original federal habeas petition in this Court on February 28, 2008 (Dkt. at pg. 1).[4]

## THE PETITION IS TIME BARRED

Petitioner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one-year period within which a Section 2254 federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). AEDPA imposes a one-year period of limitations for writs of habeas corpus that runs from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[2]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed July 15, 2009, http://www.2dca.org/the_clerk's_office.htm, see Fed. R. Evid. 201, which reveals that the mandate in case number 2D06-4885 issued on May 22, 2007.

[3]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed July 15, 2009, http://www.2dca.org/the_clerk's_office.htm, see Fed. R. Evid. 201, which reveals that the mandate in case number 2D08-1144 issued on October 20, 2008.

[4]Although Petitioner's petition was filed with the Court on March 3, 2008, Petitioner delivered his petition to prison officials for mailing on February 28, 2008 (Dkt. 1 at p. 1). Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Motions under Florida Rule of Criminal Procedure 3.850 have a two-year statute of limitations. Fla.R.Crim.P. 3.850(b).

Petitioner's judgment became final on April 19, 2001, when his direct appeal was dismissed. On April 20, 2001, Petitioner filed his first 3.850 motion, which tolled the limitations period until September 10, 2004, when the appellate court issued the mandate affirming its denial. Thirty (30) days of the limitations period elapsed before it was tolled again when Petitioner filed his Motion to Correct Illegal Sentence on October 11, 2004. The limitations period remained tolled until October 25, 2006, when the appellate court issued the mandate affirming its denial. Absent another properly filed tolling motion, the limitations period was set to expire on September 26, 2007.

The record indicates that, on December 21, 2005, Petitioner filed a second 3.850 motion. The motion, however, was dismissed as untimely and successive. The appellate court issued the mandate affirming its dismissal on May 22, 2007. Although Petitioner's second 3.850 motion was filed while time remained in the one-year limitations period for filing a § 2254 petition, as set forth in 28 U.S.C. § 2244, it was untimely under state law because it was filed more than two years after the appellate court dismissed Petitioner's direct appeal. See Fla.R.Crim.P. 3.850.

The U.S. Supreme Court in *Artuz v. Bennett* held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 531 U.S. 4, 8 (2000). Post-conviction motions are considered "properly filed" even if dismissed as successive. *Weekley v. Moore*, 244 F.3d 874 (11th Cir. 2001). However, "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quotation and alteration omitted). *See also, Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1315 (11th Cir. 2006) ("when a state court unambiguously rules that a post-conviction petition is untimely under state law, we must respect that ruling and conclude that the petition was not properly filed for the purposes of § 2244(d)(2), regardless of whether the state court also reached the merits of one of the claims").

Because Petitioner's second 3.850 motion was untimely, it did not toll the AEDPA one-year limitations period. Therefore, there was no properly filed tolling motion pending between October 26, 2006 and September 26, 2007, when the one-year limitations period expired. Moreover, Petitioner's November 19, 2007 Petition for Writ of Habeas Corpus, even if properly filed, did not toll the running of the one-year limitations period because that one-year period expired on September 26, 2007. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)(a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period has expired prior to filing the motion). Thus, the instant federal habeas petition, filed February 28, 2008, is untimely.

5

Petitioner does not demonstrate that he is entitled to equitable tolling of AEDPA's one-year limitations period. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'")(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In fact, in his reply Petitioner does not allege that he is entitled to equitable tolling (Dkt. 19). Instead, Petitioner asserts he is entitled to a review of his claims because he is actually innocent of the crimes for which he was convicted (Id.).

Assuming, without deciding, that proof of actual innocence renders AEDPA's one year limitation inapplicable, Petitioner has not demonstrated a colorable claim of actual innocence.[5] The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Arthur*

---

[5]"Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008)(citing *Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.")).

*v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner has not produced any "new reliable evidence." (See Dkt. 19). Here, Petitioner's claim of actual innocence is merely a challenge to both the sufficiency of the evidence, and the effectiveness of trial counsel (Id.). Petitioner has failed to make a threshold showing of actual innocence. There is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S. 478, 495-99 (1986). Consequently, Petitioner is not entitled to a review of the merits of his time-barred claims.

## CONCLUSION

For the foregoing reasons, the Court determines that the petition is time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
    Counsel of Record